IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS A. MIKULANCE,
ROBERT LEMKE, MICHAEL EBBOTT and
ONE OR MORE JOHN DOES,

                                 Plaintiffs,

    v.

RICK RAEMISCH, RANDALL R. HEPP,
KATHRYN ANDERSON, DEBORAH RYCHLOWSKI,
CAROL BRIONES, TERRI MARCO,
JODY DOUGHERTY and
ONE OR MORE JOHN DOES,

                              Defendants.

ORDER

12-cv-158-wmc

---

This is a group action brought by plaintiffs named in the caption of the complaint alleging violations of their constitutional rights. However, it is unclear which plaintiffs truly wish to be involved with this action. Only plaintiff Thomas Mikulance has signed the complaint. In addition, only plaintiff Mikulance has submitted a motion for leave to proceed *in forma pauperis* and a two-week trust fund account statement. Therefore, I will construe the complaint to include a request to proceed *in forma pauperis* on behalf of plaintiffs Robert Lemke and Michael Ebbott.

Although plaintiffs have joined their claims in one complaint, each is bringing an action subject to the 1996 Prison Litigation Reform Act and each must pay the full $350 fee for filing the action. *Boriboune v. Berge*, 381 F.3d 852, 856 (7th Cir. 2004). A decision on the requests will be delayed until each plaintiff makes an initial partial payment of the $350 filing fee as required by 28 U.S.C. § 1915(b) and the 1996 Prison Litigation Reform Act and until each plaintiff confirms, that he wishes to prosecute his action in a group complaint, understanding the consequences of doing so as explained in this order.

Plaintiffs Lemke and Ebbott have not signed the complaint and none of the plaintiffs have submitted certified copies of their recent six-month trust fund account statements. An initial partial payment cannot be calculated for each plaintiff at this time because they have not submitted the necessary trust account statements. The complaint in this case was submitted on March 6, 2012. Therefore, plaintiffs' trust fund account statements should cover the six-month period beginning approximately September 6, 2011 and ending approximately March 6, 2012. Under 28 U.S.C. § 1915(a)(2), when an prisoner is incarcerated at one or more institutions during the six-month period immediately preceding the filing of his lawsuit, he must obtain a trust fund account statement "from the appropriate official of each prison at which [he] is or was confined" during the relevant period. Therefore, if any of the plaintiffs were incarcerated at in any other prison or institution between September 6, 2011 and ending approximately March 6, 2012, he will have to write to that institution to request a certified copy of his trust fund account statement for the relevant period. Once plaintiffs have each submitted the necessary statement and signed complaint, I will calculate each plaintiff's initial partial payment and advise that plaintiff of the amount he will have to pay before the court can screen the merits of the complaint under 28 U.S.C. § 1915(e)(2). Each plaintiff should show a copy of this order to prison officials to insure that they are aware they should send a copy of plaintiff's account statement to this court.

Plaintiffs should be aware that when two or more prisoners join their claims in one lawsuit, each prisoner who signs the complaint attests to the validity of all of the individual claims in the complaint, whether or not they concern him personally. Each plaintiff will be held legally responsible for knowing precisely what is being filed in the case on his behalf. He will be

subject to sanctions under Fed. R. Civ. P. 11 for any pleading, motion or other paper filed over his name if such sanctions are imposed as to any aspect of the case.

In addition, if the court finds that the entire action is legally frivolous (meaning completely without merit) or malicious or that it fails to state a claim upon which relief may be granted, the court will be required to record a strike under 28 U.S.C. § 1915(g) against each plaintiff named in the caption of the action.  (A litigant who incurs a total of three strikes for filing meritless actions cannot file *in forma pauperis* in any case except one in which he alleges that he is in immediate danger.)

In screening the complaint, the court will consider whether the action of one plaintiff should be separated from the action of the other plaintiff.  If it decides separation (or severance) is appropriate, the plaintiff bringing the severed action will be required to prosecute his claims in a separate lawsuit.

Because all of the plaintiffs did not sign the complaint and/or may not have been aware of the consequences of joining their claims in one lawsuit, I will give each plaintiff an opportunity to withdraw from the suit if that is his wish.  Any plaintiff who does not withdraw will be required to sign the complaint and then make an initial payment of his own $350 fee for filing the action whether he prosecutes the case separately or with other plaintiffs.  A copy of the complaint is being returned to plaintiffs Lemke and Ebbott along with his copy of this order.

If a plaintiff choose to withdraw from the lawsuit, then he will not have to pay the $350 filing fee.  Similarly, should a plaintiff fail to respond to this order, he will be considered to have withdrawn from the lawsuit and he will not have to pay the filing fee.

ORDER

IT IS ORDERED that

1.      Each plaintiff may have until April 10, 2012, in which to advise the court whether he wishes to prosecute this action jointly.

2.      If plaintiffs decide to proceed with the action, then:

   a.      Plaintiffs Lemke and Ebbott may have until April 10, 2012, in which to submit a signed complaint, a copy of which is enclosed with this order;

   b.      Each plaintiff may have until April 10, 2012, in which to submit a trust fund account statement for the period beginning September 6, 2011 and ending approximately March 6, 2012.

3.      If, by April 10, 2012, any plaintiff fails to respond to this order as directed, that plaintiff will be considered to have withdrawn from the lawsuit voluntarily and will be dismissed from the case without being charged any portion of the $350 filing fee.

Entered this 20th day of March, 2012.

                              BY THE COURT:

                              /s/

                              STEPHEN L. CROCKER
                              Magistrate Judge

4