IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THOMAS A. MIKULANCE,
ROBERT LEMKE, MICHAEL EBBOTT and
ONE OR MORE JOHN DOES,

                Plaintiffs,

  v.

RICK RAEMISCH, RANDALL R. HEPP,
KATHRYN ANDERSON, DEBORAH RYCHLOWSKI,
CAROL BRIONES, TERRI MARCO,
JODY DOUGHERTY and
ONE OR MORE JOHN DOES,

                Defendants.

ORDER

12-cv-158-wmc

---

      This is a group action brought by plaintiffs alleging violations of their constitutional rights. Only plaintiff Thomas Mikulance, a prisoner at the Milwaukee Secure Detention Facility, had signed the complaint. In an order entered in this case on March 20, 2012, I returned copies of the complaint to plaintiffs Michael Ebbott and Thomas Lemke for signatures. I also explained to all of the plaintiffs that under *Boriboune v. Berge*, 391 F.3d 852, 856 (7th Cir. 2004), each plaintiff is subject to the Prisoner Litigation Reform Act and must pay a separate $350 filing fee. I gave plaintiffs until April 10 to submit a trust fund account statement covering the period from September 6, 2011 and ending approximately March 6, 2012 so that initial partial payments could be assessed. In the same order, I cautioned plaintiffs about the consequences of prosecuting this lawsuit in a group complaint and gave them until April 10, 2012, to advise the court whether each of them wishes to prosecute this action jointly.

      In response to the March 20, 2012 order, the court has only received a letter from Thomas Mikulance along with his required trust fund account statement. The court has received no response from plaintiffs Lemke and Ebbott.

Turning to the assessment of plaintiff Mikulance's initial partial payment, I note that plaintiff indicates in his letter received by the court on April 9, that he has only been in custody since February 6, 2012. Accordingly, his filing fee will be assessed using the statement he submitted on April 9 from the Milwaukee Secure Detention Facility as well as the February 2011 two-week statement from Racine Correctional Institution that he submitted when he filed his complaint. From plaintiff Mikulance's statements, I have calculated his initial partial payment to be $18.49. If plaintiff Mikulance does not have the money to make the initial partial payment in his regular account, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff Mikulance is free to ask prison authorities to pay *all* of his filing fee from his release account. The only amount he must pay at this time is the $18.49 initial partial payment. Before prison officials take any portion of that amount from plaintiff Mikulance's release account, they may first take from his regular account whatever amount up to the full amount he owes.

Plaintiffs Ebbott and Lemke have not responded to the court's order. Therefore, I will assume that they have voluntarily withdrawn from this lawsuit and the court will dismiss them from the case and will not charge them any portion of the $350 filing fee.

ORDER

IT IS ORDERED that

1. Plaintiff Thomas Mikulance is assessed $18.49 as an initial partial payment of the $350 fee for filing this case. He is to submit a check or money order made payable to the clerk of court in the amount of $18.49 on or before May 14, 2012. If, by May 14, 2012, plaintiff fails to make the initial partial payment or show cause for his failure to do so, he will be held to have withdrawn this action voluntarily. In that event, the clerk of court is directed to close this file without prejudice to plaintiff's filing his case at a later date.

2. Plaintiffs Michael Ebbott and Thomas Lemke are considered to have opted out of this lawsuit and are DISMISSED from the case. Neither of these plaintiffs owe any portion of the $350 filing fee.

Entered this 23rd day of April, 2012.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge